BRIDGET CONNORS by her next friend, Complainant and Appellant,

*vs.*

PATRICK CONNORS et al., Defendants and Appellees.

APPEAL IN EQUITY FROM THE CIRCUIT COURT OF MILWAUKEE COUNTY.

In the absence of any agreement between the husband and wife, her earnings during coverture belong to the husband.

Where the bill filed by the wife, alleged that the money to purchase certain land was advanced by the wife " from her own hard earnings," and the title was taken in the name of her husband, no trust will result in favor of the wife, though the bill elsewhere allege that the money " was her own separate property."

The mere allegation that the money invested in real estate, was the wife's " own separate property," will not control other facts stated in the bill, from which it appears that the money was earned during coverture, and legally belonged to the husband.

Specific facts alleged in the bill, will control general averments which are in themselves mere conclusions or inferences.

APPEAL from the decree of the Circuit Court of Milwaukee county, sustaining demurrers to the bill of the complainant for want of equity.

As the averments of the bill cannot well be shortened, the whole of the stating part is given at length :

"Showeth unto this honorable court, your oratrix, Bridget Connors, wife of Patrick Connors, of the city and county of Milwaukee, aforesaid, by Peter Yates, her next friend, that by washing, house-cleaning, and other hard labor at day's work, she earned and paid for one hundred and sixty acres of land, being the southwest quarter of section No. one, in township No. five, of range No. twenty-one, in Milwaukee county aforesaid, and had the title thereto taken in one Patrick Hammel, since deceased, then her husband.  That after the death of the said Hammel, and some time in the month of August, A. D. 1844, your oratrix was married to the said Patrick Connors, and whom your oratrix prays may be taken and made defendant to this, her bill of complaint.

And your oratrix further showeth unto this honorable court, that after the marriage last aforesaid, the said lands were, by an order of the judge of probate of said county, sold at public auction by William Brown, jr., administrator of the estate of the said Patrick Hammel, deceased, to pay the debts of said estate, and that on such sale, the said Patrick Connors, at the request of your oratrix, became the purchaser of said lands for the sum of one hundred and sixteen dollars, he, the said Patrick, being the best and highest bidder therefor; and the said sum of one hundred and sixteen dollars, so bid by him, was paid and advanced by your oratrix from her own hard earnings, and her own and separate property, to the said administrator; and thereupon a deed was duly made and executed on such sale by the said William Brown, jr., as administrator, to the said Patrick Connors as purchaser, which said deed was made and executed and delivered on the day of the date thereof, and is dated the 12th day of November, A. D. 1844, and was duly recorded in the office of the register of deeds of said county, in Vol. O of deeds, page 235, on the 21st day of April, 1845, at 7 o'clock P. M. of said day, as by the said record (a duly certified transcript is ready to be produced, as this honorable court shall direct), will more fully and at large appear.

And your oratrix, by her next friend as aforesaid, would further show unto this honorable court, that from the year one thousand eight hundred and thirty-nine, until within the last year or two, she has, from her own earnings and her own separate estate and moneys, paid all the taxes upon said property; that the said Patrick Connors, at the time of his said marriage with your oratrix, had not any property or means, and has not since had, nor has he any now; that for the last three or four years he has been habitually intemperate, and earned nothing towards the support of himself and your oratrix; that he has cruelly neglected and abused your oratrix, and refused to provide her, as his wife or otherwise, the necessaries of life, and frequently assaulted and beat her, and committed many acts of personal violence upon her; that he had conspired with and aided others to incumber other property in the possession of your oratrix, and belonging to her, with liens and claims, against her will and consent, and to her great injury and preju-

dice; that in consequence thereof, your oratrix, on the 14th day of January, A. D. 1853, filed her petition for a divorce from him in the Circuit Court of Milwaukee county aforesaid, and therein alleged the said intemperance, cruelty, neglect and ill treatment above mentioned, and prayed for a divorce from the bonds of matrimony, and for an injunction restraining and enjoining him, the said Patrick Connors, from selling or disposing of said lands, thus twice earned and paid for by your oratrix; that a subpœna to answer said bill and the said injunction, as prayed for as afore-said, was duly issued and served upon the said Patrick Connors, as by the said bill or petition for divorce, writ of subpœna and writ of injunction, with the sheriff's indorsement of service thereon, being and remaining in the clerk's office of said court, and to which reference is hereby made, will more fully and at large appear.

And your oratrix further showeth unto this honorable court, that notwithstanding the writ of injunction and the premises aforesaid, he, the said Patrick Connors, further to oppress and injure your oratrix, and contriving and intending to leave her in her old age without any property or means of support, and to defraud her of the said lands and the title thereto, on the 19th day of July, A. D. 1853, made, executed and delivered two warranty deeds of the said land; one to John Hayden, of the said city of Milwaukee, a brother-in-law of the said Patrick Connors, and a man of no property or means (and whom your ora-trix prays may be also made defendant to this bill), of the east half of said quarter section, and the other to Tobias G. Osborn, of the town of Wauwatosa, in said county of Milwaukee (and whom your oratrix prays may likewise be taken and made party defendant to this, her bill of complaint), of the west half of said tract of land; that the nominal consideration inserted in each deed is the sum of four hundred dollars, no part of which was paid or pretended to be paid by either of them; that to secure the payment of the same, each severally executed a mortgage to said Patrick Connors upon the premises severally conveyed: the said John Hayden for the sum of $405.00, according to the con-dition of five promissory notes as stated in the mortgage, but for what particular sums, what interest, and when payable, your oratrix not having the said notes in her possession, does not

know, and has not been informed, and therefore cannot say : the said Tobias G. Osborn for the sum of $400.00, in five years from the date thereof, with interest at 7 per cent., and without any notes, bond, or other personal security.

And your oratrix further showeth unto this honorable court, that the said two deeds and the said two mortgages were all executed on the same day, as appears from their dates and the acknowledgments thereto ; that they were all witnessed by E. Mariner, Esq., as one of the subscribing witnesses, and the acknowledgments all taken by him as a notary public, and as your oratrix believes, and therefore charges to be true, that they were all drawn by said Mariner.

And your oratrix would further show to this honorable court, that the said E. Mariner was, before and at the time of the execution and acknowledgments of the said deeds and mortgages, and still is, the attorney of record of the said Patrick Connors in the said bill of divorce still pending ; and your oratrix believes and charges the truth to be, that both the said John Hayden and the said Tobias G. Osborn, at the time they severally took the deeds and executed the mortgages, well knew all the premises, and that they received the said deeds and executed the said mortgages with the intent to cheat and defraud your oratrix out of the said lands, or to enable the said Patrick Connors, under the cloak and pretence of said conveyances, to do so.

And your oratrix further showeth unto this honorable court, that the said quarter section at the time of the execution of said deeds and mortgages, was then and is still worth the sum of two thousand dollars, and that no part of the purchase money, as such, has been paid, either by the said Hayden or the said Osborn ; that both the said Hayden and the said Osborn have been requested to reconvey the said premises so conveyed to them, and that they have refused so to do ; that the said deed to the said Hayden was duly recorded in the office of the register of deeds of said county, on the 28th day of July, 1853, in book 41 of deeds, page 29, at 3 3-4 P. M. of said day, and the said deed to said Osborn on the second day of September, 1853, in vol. 41 of deeds, page 226, at 9 A. M. of said day, as by the certified copy of said deeds, and the recording thereof, ready to be pro-

duced, as this honorable court shall direct, will more fully and at large appear.

And your oratrix further showeth unto this honorable court, that the said mortgages never were recorded, and are now in her possession, ready to be produced and canceled, as this honorable court shall direct.

The bill prayed that the defendants Hayden and Osborn, and their assigns, might be decreed to reconvey the premises respectively conveyed to them by Patrick, to the complainant, and all the rents, issues and profits thereof received by them respectively since the conveyance to them, or in default thereof that such decree operate as a conveyance, and for general relief, and for an injunction commanding and restraining, &c.

The bill was taken *pro confesso* as against Patrick Connors. The defendants Hayden and Osborn filed a demurrer to the bill for want of equity. The court below sustained the demurrer, and the complainant appealed.

*Peter Yates*, for the complainant, appellant.

*E. Mariner*, for the defendants, appellees.

*By the Court*, WHITON, C. J. The bill in this case sets out a purchase of the property in dispute, at the administrators' sale, by the defendant Connors, to whom the title was conveyed, and that this was done at the request of the complainant.

The bill then alleges that the purchase money was paid and advanced by the complainant, " from her own hard earnings and her own separate property." It is contended by the defendant Connors, that this statement in the bill shows that the money which purchased the land belonged to him, and that he therefore acquired by the purchase, both the legal and equitable title.

On the other hand the complainant contends that this statement shows that the money which paid for the land was her "separate property," and that consequently the defendant was a mere trustee in relation to it, and that the court should grant the relief prayed for in the bill. We think not. On the contrary, we are of opinion that the facts stated in the bill do not show

that the money of the complainant paid for the land, so as to create a resulting trust in her favor by implication of law. It has been ingeniously argued by her counsel that the averment contained in the bill, that the money was her own and separate property, shows beyond dispute that the husband had no right to, or interest in it. But in order so to decide, we should be obliged to reject that portion of the statement which avers that the money was paid and advanced by the complainant from her own earnings. For it cannot be doubted that before the enactment of our statute giving to married women their own property, the husband was entitled to the earnings of the wife, and also to the personal property which she possessed at the time of the marriage. And we are of opinion that the whole statement taken together, shows that the money which paid for the land, was earned by her, she being at the time the wife of the defendant Connors. The words " her own and separate property," cannot control the statement of facts, which precedes them; and these facts show that the money was not her separate property, but her husband's.

The complainant contends that even if it is admitted that the money with which she paid for the land was not hers by virtue of a strict legal settlement, still the facts stated in the bill show that she had an equitable interest in the money, and in the land which it purchased, and that the doctrine of courts of equity is, that this interest will be protected when it can be done without injury to the creditors of the husband.

It is undoubtedly true that courts of equity uphold contracts made by the husband and wife after marriage, by which the husband agrees that the wife shall separately possess and enjoy property which came to her by bequest or gift; even where the husband has given property to her without the aid of trustees, if this is not prejudicial to the husband's creditors. Courts of equity have upheld the gift, and allowed her to hold the property as her own separate estate. 2 *Story's Eq.* §§ 1372–3, 1380; 2 *Kent's Com.* 147, 154, 163.

Various other authorities might be referred to for the purpose of sustaining this position, but it is not necessary to notice them, as the facts of this case do not bring it within the principle in question.

The bill in this case contains no allegation that there was any agreement between the husband and wife, as to the earnings of the wife, and in the absence of any, we must hold that they belong to the husband. Without deciding what the effect of such an averment in the bill would be, we must hold, that as the bill stands, the demurrer to it was rightly sustained.

The order of the court below is affirmed, with costs.